# UNITED STATES DISTRICT COURT
## *for the*
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE GROEN, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

_____

**Eric M. Simpson P-57232**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050
lmelfi@855mikewins.com
ashley@855mikewins.com

_____

## **COMPLAINT**

NOW COMES Plaintiff, Michelle Groen, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendant, United States of America, states as follows:

## **INTRODUCTION**

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4. This suit has been timely filed, in that Plaintiff timely served notice of her claims on the United States Postal Service, as an agent of Defendant, United States of America, on April 9, 2021, less than two years after the incident forming the basis of this suit.

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the United States Postal Service's failure to make a final disposition of Plaintiff's claim within six months of filing.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff restates each and every allegation above as if set forth fully herein.

7. Plaintiff, Michelle Groen, is and has at all times pertinent hereto, been a resident of Pinckney, Township of Hamburg, County of Livingston, State of Michigan, and resides within the Eastern District of Michigan.

8. Defendant, United States of America, through its agency, the United States Postal Service, operates postal facilities within the southeast regions of the State of Michigan, including, but not limited to Wayne and Livingston Counties.

9. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the Township of Hamburg, County of Livingston, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Township of Hamburg, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about May 5, 2020, at approximately 8:41 a.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of E. Michigan 36 and Island Shore Drive, in the Township of Hamburg, Livingston County, Michigan. Plaintiff was traveling westbound on E. Michigan 36, when she was struck by Brandon Perry's vehicle, which was traveling eastbound on E. Michigan 36, when Brandon Perry drove left of the center line into the westbound lanes of E. Michigan 36.

15. The motor vehicle accident was caused by the negligence of Brandon Perry while driving a motor vehicle owned by Defendant, United States of America, bearing Michigan license number 0610661, within the scope of his employment with Defendant.

16. Brandon Perry failed to operate his vehicle in a careful and prudent manner and on the correct side of the roadway and crossed the center line into oncoming traffic, and was operating the vehicle with willful and wanton disregard for the safety of other motorists, specifically Plaintiff, who was lawfully traveling on westbound on E. Michigan 36.

17. Brandon Perry's failure to operate his vehicle with due care and caution on the correct side of the center line and in the correct direction on E. Michigan 36 resulted in a collision, causing Plaintiff to suffer severe injuries.

## COUNT I
## CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS
## UNDER MCL SECTION 500.3135(1)

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, Michelle Groen, was the operator of a 2007 Pontiac motor vehicle bearing Michigan license plate number AMJ183.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Brandon Perry, while acting within the scope of his office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator of a 2020 International Harvester motor vehicle bearing Michigan license plate number 0610661.

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the 2020 International Harvester motor vehicle bearing Michigan license plate number 0610661, being operated by Brandon Perry

22. Brandon Perry owed to Plaintiff, Michelle Groen, certain duties which Brandon Perry, violated, and that the violation of these duties and obligation considered of the following acts of negligence and breaches of duties owing to Plaintiff:

>   (a) Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1).
>
>   (b) Violation of the operator's duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.
>
>   (c) Violation of the duty to operate a motor vehicle so that collision with other vehicles would not ensue, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.
>
>   (d) Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into

account the grade of highway, general conditions then exiting, and to maintain the said vehicle so that it could safely be halted.

(e) Violation of the duty to keep said motor vehicle under control at all times.

(f) Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c.

(g) Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(h) Operating said vehicle in a careless manner, failing to yield to Plaintiff's vehicle, without due regard to the traffic, surface and width of the highway, weather condition, and of other conditions then existing, and defendant owner allowing the same to happen.

(i) Failing to observe the highway in front of the vehicle when Brandon Perry knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway.

(j) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(1).

(k) Failing to yield to Plaintiff's oncoming vehicle in violation of MCL 257.649.

(l) Operating his vehicle against traffic left of center in violation of MCL 257.634, and/or other various laws, and Defendant owner allowing the same to happen.

5

23. Plaintiff further states and alleges that at the time and place herein before set forth, Brandon Perry did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Brandon Perry, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

24. That the negligence and neglect of Brandon Perry consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Brandon Perry's, duties, Plaintiff's vehicle was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff sustained injuries to her head, neck, back, right shoulder and right knee, including, but not limited to: a rotator cuff tear to her right shoulder necessitating surgical intervention, and disc herniations at C2-3, C3-4, C4-5 and C5-6, among others, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28. That as a result of the injuries sustained by Plaintiff, she has suffered and will continue to suffer the following:

   (a) Paint and suffering, past, present and future.
   (b) Mental anguish.
   (c) Embarrassment and shock.
   (d) Loss of normal, social and recreational activities.
   (e) Permanent injury and incapacity of disability.
   (f) Loss of wage earing capacity and future wages.
   (g) Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff, Michelle Groen, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff repeats each and every allegation above as if set forth fully herein.

30. At all relevant times, Brandon Perry was employed by and/or acting on behalf of Defendant, United States of America.

31. At all relevant times, Brandon Perry was acting within his respective capacity and scope of employment with Defendant, United States of America.

32. Brandon Perry negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

33. As a direct and proximate result of Brandon Perry's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, Michelle Groen, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

Respectfully submitted,

**THE MIKE MORSE LAW FIRM**

        Attorneys for Plaintiff

***/s/ Lewis A. Melfi*** **_____**
Eric M. Simpson P-57232
Lewis A. Melfi P-73854
24901 Northwestern Highway, Suite 700
Southfield, MI  48075-1816
(248) 350-9050

Dated:    November 30, 2021

**UNITED STATES DISTRICT COURT**
*for the*
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHELLE GROEN, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

_____

**Eric M. Simpson P-57232**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050
lmelfi@855mikewins.com
ashley@855mikewins.com

_____

## JURY DEMAND

Plaintiff, Gary Lewis, by and through his attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

Respectfully submitted,

**THE MIKE MORSE LAW FIRM**
Attorneys for Plaintiff

*/s/ Lewis A. Melfi*_____
Eric M. Simpson P-57232
Lewis A. Melfi P-73854
24901 Northwestern Highway, Suite 700
Southfield, MI 48075-1816

(248) 350-9050

Dated: November 30, 2021